UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VDPP, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>VIVITEK CORPORATION,<br><br>        Defendant. | Case No.  24-cv-01781-LJC<br>*Also filed in Case No. 24-cv-01672-LJC*<br><br>**ORDER RE: NOTICE OF RELATED CASES**<br><br>Re: ECF No. 6 |

On March 22, 2024, Plaintiff VDPP, LLC filed a "Notice of Related Cases," asserting that "all related cases" listed in the attached exhibit are "related by common entity, VDPP, LLC and common patents." ECF No. 6. There are two cases listed in the exhibit, Case No. 24-cv-01672 (N.D. Cal.), currently pending before the undersigned and initially filed on March 18, 2024, and Case No. 24-cv-01118 (N.D. Cal.), currently pending before the Honorable Susan van Keulen and initially filed on February 23, 2024.[1] ECF No. 6-1. Contrary to VDPP's assertion, only Case No. 24-cv-01118 asserts infringement of a common patent.[2] Both Case No. 24-cv-01118 and this case concern U.S. Patent No. 10,951,881.

Per Patent Local Rule 2-1(a)(1), "[w]hen actions concerning the same patent are filed within two years of each other by the same plaintiff, they will be deemed related." Any party that knows or learns that actions concerning the same patent are related must file "in each such case A

---

[1] The exhibit lists the wrong defendant for both cases. VDPP incorrectly asserts that Case No. 24-cv-01672 is brought against Motorola Mobility, Inc., but the defendant is Motorola Mobility, LLC. VDPP also incorrectly asserts that Case No. 24-cv-01118 is brought against Vivo, Inc., but the defendant is Optoma Technology, Inc.

[2] Case No. 24-cv-01672 asserts infringement only of U.S. Patent No. 9,426,452, which is not at issue in either Case No. 24-cv-01118 (U.S. Patent Nos. 9,699,444, 10,021,380, and 10,951,881) or this case (U.S. Patent Nos. 10,951,881 and 9,948,922).

Notice of Pendency of Other Action Involving Same Patent." Patent L.R. 2-1(a)(2). VDPP did not caption its filing as a "Notice of Pendency of Other Action Involving Same Patent." And even though it also filed a "Notice of Related Cases" in Case No. 24-cv-01672, it did not file any type of notice in Case No. 24-cv-01118.

Nevertheless, because both Case No. 24-cv-01118 and this case concern U.S. Patent No. 10,951,881, and they were filed within two years of each other, the two actions are deemed related pursuant to Patent Local Rule 2-1(a)(1). The Clerk of Court is hereby directed to treat VDPP's filing in this case at ECF No. 6 as a "Notice of Pendency of Other Action Involving Same Patent." Per Patent Local Rule 2-1(a)(3), "[p]ursuant to the Assignment Plan, the Clerk will reassign the related higher-numbered cases to the Judge assigned to the lowest-numbered case…." Accordingly, the Clerk shall reassign the present action (Case No. 24-cv-01781) to the Honorable Susan van Keulen.

As for Case. No. 24-cv-01672, Patent Local Rule 2-1(a) does not apply because the cases do not concern the same patent. If VDPP believes the cases are related for other reasons, VDPP must file an administrative motion in the lowest-numbered case consistent with Civil Local Rule 3-12(b), and as it was instructed to do by the Clerk of Court on March 19, 2024.

Finally, the Court notes that VDPP's attorney William Peterson Ramey III has not filed an application to proceed pro hac vice in conjunction with VDPP's Complaint as required by Civil Local Rule 11-3(b) and directs him to do so immediately.

**IT IS SO ORDERED.**

Dated: March 28, 2024

_____
LISA J. CISNEROS
United States Magistrate Judge